```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ESTATE OF COLLEEN J. BROWNELL,<br><br>            Plaintiff,<br><br>     v.<br><br>MARK W. LYCZAK, et al.,<br><br>            Defendants. | HONORABLE RENÉE MARIE BUMB<br><br>Civil Action No.<br>18-16803 (RMB-AMD)<br><br>**MEMORANDUM<br>OPINION** |

**BUMB**, District Judge:

1.  This matter comes before the Court by way of motion for summary judgment filed by Plaintiff Estate of Colleen J. Brownell (hereinafter, "Plaintiff"). (See Motion for Summary Judgment [Docket Item 10].) The present motion is not opposed by Defendant PHH Corporation. (See Notice of Non-Opposition [Docket Item 11].) Defendant Mark W. Lyczak has not filed any papers with regards to the present motion.[1]

---

[1] The docket for this case indicates that Defendant Lyczak was served with the Complaint in this matter on December 7, 2018, (see [Docket Item 4]), however Defendant Lyczak has yet to file an answer, notice his appearance pro se nor has any attorney noticed an appearance on Defendant Lyczak's behalf. At Plaintiff's request, the Clerk of Court entered default against Defendant Lyczak on January 8, 2019. (See Request for Default [Docket Item 7]; Clerk's Entry of Default.)

2. The Court has considered the submissions and for the reasons set forth below, Plaintiff's motion for summary judgment [Docket Item 10] will be granted. The Court finds as follows:[2]

3. **Background.** On December 30, 2017, Ms. Colleen Brownell was killed and on February 1, 2019 Defendant Lyczak pleaded guilty to murdering her. (See Judgment of Conviction and Order for Confinement [Docket Item 10-3].) Prior to her passing, Ms. Brownell was a participant in a 401(k) Employee Savings Plan (hereinafter, "the Plan") administered by her former employer: Defendant PHH. Pursuant to the Plan, Ms. Brownell designated Defendant Lyczak as the primary beneficiary of the monies in her Plan account, in the event of her passing. The Plan indicates that it "shall be construed, administered and applied in a manner consistent with the laws of the State of Maryland, except to the extent Federal law applies." (See Plan [Docket Item 10-5], 38.) Plaintiff and Defendant PHH stipulated to a Consent Order, in effect since January 8, 2019, that Defendant PHH will not disburse the funds from Ms. Brownell's Plan account until further order of the Court. (See Consent Order [Docket Item 9].)

4. **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no

---

[2] For purposes of the instant motion and pursuant to Local Civil Rule 56.1, the Court looks to Plaintiff's Complaint, [Docket Item 1], when appropriate, Plaintiff's Statement of Facts, [Docket Item 10-2], and related exhibits and documents. Where not otherwise noted, the facts are undisputed by the parties.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

5. A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

6. **Discussion.** Plaintiff moves for summary judgment on the basis that Defendant Lyczak has pleaded guilty to the murder of Ms. Brownell and that the governing law forbids an individual who

does so from being a beneficiary of such decedent's 401(k) account assets. (See Pl.'s Br. [Docket Item 10-1], 3-6.)

a. <u>Maryland law disqualifies Defendant Lyczak.</u> It is undisputed that Maryland law governs the administration of the Plan. Section 11-112 of the Maryland Code Annotated, Estates & Trusts provides in relevant part:

> **Disqualified person defined**
> (a) In this section, "disqualified person" means a person who feloniously and intentionally kills, conspires to kill, or procures the killing of the decedent.
>
> **Disqualified persons disqualified from receiving property or interest in property of decedent**
>
> (b)(1) Except as provided in paragraph (2) of this subsection, a disqualified person shall be treated as if the disqualified person disclaimed the property or interest in the property at the time of the decedent's death.
>
> [. . .]
>
> **Life insurance policies or other contractual arrangements**
> (d) A disqualified person who is a named beneficiary of a life insurance policy on the decedent or other contractual arrangement with the decedent is not entitled to a benefit under the policy or contractual arrangement.
>
> [. . .]
>
> **Final convictions admissible in civil proceedings**
> (j)(1) A final conviction of felonious and intentional killing, conspiring to kill, or procuring the killing of a decedent is admissible in a civil proceeding in which a person is alleged to be a disqualified person

4

> and <u>is conclusive for purposes of this section</u>.

Md. Code Ann., Est. & Trusts § 11-112 (emphasis added). This portion of the Maryland Code was enacted in 2013 as a codification of Maryland's common law "Slayer's Rule." As explained by the Maryland Court of Appeals,

> The Slayer's Rule prevents a murderer, or anyone claiming through or under the murderer as an heir or representative, from sharing in the distribution of the victim's estate as an heir by way of statutes of descent and distribution, or as a devisee or legatee under the victim's will. <u>Ford v. Ford</u>, [ ] 512 A.2d 389, 392 ([Md.] 1986). The rule developed from the common law principles that equity would not permit anyone "to profit by his own fraud, to take advantage of his own wrong, to found any claim upon his own iniquity, or to acquire property by his own crime." <u>Price v. Hitaffer</u>, [ ] 165 A. 470, 470 ([Md.] 1933).

<u>Cook v. Grierson</u>, 845 A.2d 1231, 1232–33 (Md. 2004).

As described, <u>supra</u>, it is undisputed that Defendant Lyczak has pleaded guilty to the murder of Ms. Brownell, and his final conviction has been submitted to the Court. Maryland law states that Defendant Lyczak's final conviction for that crime "is conclusive for purposes of" disqualifying him from being a beneficiary of Ms. Brownell's Plan account. Md. Code Ann., Est. & Trusts § 11-112(j)(1). Therefore the Court shall disqualify Defendant Lyczak from being a beneficiary of Ms. Brownell's Plan account.

b.  <u>Effect of Defendant Lyczak's disqualification.</u>
Defendant Lyczak was the sole named beneficiary of Ms. Brownell's Plan account. (<u>See</u> Plan Summary [Docket Item 10-4], 4 on the docket.) As Defendant Lyczak has been disqualified from serving as the sole beneficiary of Ms. Brownell's Plan account, the Court must now determine who may replace him in that role. The Plan itself states at Section 7(b):

> If (i) [Ms. Brownell] omits or fails to designate a beneficiary, (ii) no designated beneficiary survives [Ms. Brownell], or (iii) [Defendant PHH's Employee Benefits Committee] determines that [Ms. Brownell's] beneficiary designation is invalid for any reason, then the death benefits shall be paid to [Ms. Brownell's] surviving spouse, or if [Ms. Brownell] is not survived by a spouse, then to [Ms. Brownell's] estate.

(Plan [Docket Item 10-5], 25.) As the undisputed facts of this case show, Ms. Brownell did not "omit[] or fail[] to designate a beneficiary," nor did her designated beneficiary fail to survive her. Rather, the Court has held, <u>supra</u>, that Ms. Brownell's designated beneficiary must be disqualified as a function of Maryland law. Therefore, under the Plan's text, at Section 7(b)(iii), Defendant PHH's Employee Benefits Committee is required by Maryland law to find that Ms. Brownell's beneficiary designation is invalid, because Defendant Lyczak has been disqualified from serving as a beneficiary of Ms. Brownell's Plan account. As Defendant PHH's Employee Benefits Committee is likewise barred by Maryland law from distributing Ms. Brownell's death benefits to

6

her "surviving spouse," those benefits must be paid to Plaintiff, i.e. Ms. Brownell's estate.[3]

7.  **Conclusion.** For the reasons stated above, Plaintiff's motion for summary judgment [Docket Item 10] will be granted and Defendant PHH shall be directed to pay Ms. Brownell's death benefits to Plaintiff.


**October 25, 2019**                         **s/ Renée Marie Bumb**
Date                                        RENÉE MARIE BUMB
                                                   U.S. District Judge

---

[3] The Court notes again that Defendant PHH has indicated that it does not oppose this outcome. (See Notice of Non-Opposition [Docket Item 11].)

7